1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| CESARIO VIZCARRA MEDINA, | No.  1:23-cv-00381-ADA-EPG (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR COURT TO DISQUALIFY ITSELF FROM THIS CASE |
| v. | (ECF No. 13) |
| TAMMY CAMPBELL, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| Defendant. | (ECF No. 13) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

20

21

22

23

24

       Plaintiff Cesario Vizcarra Medina is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This case started as a habeas action, but it was later converted to a § 1983 action at Plaintiff's request. (ECF Nos. 8, 9). After paying the civil filing fee, Plaintiff filed a first amended complaint, alleging that his prison is denying him his constitutional right to have contact visits with his minor children. (ECF No. 11, p. 3).

25

26

27

28

       On August 21, 2023, the Court screened the first amended complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 12). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint. On September 11, 2023, Plaintiff filed his second amended

1

complaint, which is now before the Court on screening, and includes a request that this Court

construes as asking that the Court disqualify itself from this case. (ECF No. 13). For the reasons

given below, the Court will (1) deny the request to disqualify and (2) recommend that this case be

dismissed with prejudice for failure to state a claim upon which relief may be granted.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous

or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting

*Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this

plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681

(9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal

conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff sues Tammy Campbell, the Warden of California State Prison, Corcoran.

Additionally, he adds two Defendants not named in his previous complaint, Governor Gavin

Newsom and the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff's first claim is directed at Warden Campbell and the CDCR, alleging that he is

2

being denied his constitutional right to see his children, which constitutes cruel and unusual punishment because there is no nexus between his crimes charged and the denial of contact visits with his children. Plaintiff cites *Santosky v. Kramer*, 455 U.S. 745 (1982), which discussed the constitutional right to familial relationships in the context of persons who were not prisoners. Plaintiff states that he was charged under California Penal Code § 288(a) based on a 10-year-age difference between himself and a consenting 17-year-old person.

For his second claim, which is directed at all Defendants, Plaintiff states that he is being denied the fundamental right to familial relationships and the fundamental liberty interest of natural parents in the care, custody, and management of their children. Plaintiff states that he cannot be denied the right to see his children in person given that he is not a threat to them.

III.     **ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

   A.     **Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

3

*II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646

1  (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

2       **B.       Contact Visits with Minor Children**

3       Both of Plaintiff's claims allege that he is improperly being denied contact visits with his

4  minor children. The Supreme Court and the Ninth Circuit have recognized fundamental rights in

5  familial relationships for a parent to have the companionship of their child. *See Santosky v.*

6  *Kramer*, 455 U.S. 745, 753 (1982) (recognizing "[t]he fundamental liberty interest of natural

7  parents in the care, custody, and management of their child"); *Lee v. City of Los Angeles*, 250

8  F.3d 668, 685 (9th Cir. 2001) (recognizing fundamental liberty interest of parent in the

9  companionship and society of their child).

10      However, those cases concerned individuals who were not incarcerated.  The Supreme

11  Court has observed as follows regarding the retainment of constitutional rights in the prison

context:

12
> The very object of imprisonment is confinement. Many of the liberties and
13  > privileges enjoyed by other citizens must be surrendered by the prisoner. An
> inmate does not retain rights inconsistent with proper incarceration. *See Jones v.*
14  > *North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532,
> 53 L.Ed.2d 629 (1977); *Shaw v. Murphy*, 532 U.S. 223, 229, 121 S.Ct. 1475, 149
15  > L.Ed.2d 420 (2001). And, as our cases have established, freedom of association is
> among the rights least compatible with incarceration. *See Jones, supra*, at 125–
16  > 126, 97 S.Ct. 2532; *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675
> (1983). Some curtailment of that freedom must be expected in the prison context.
17

18  *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

19      Because contact visitation is inconsistent with incarceration, "it is well-settled that

20  prisoners have no constitutional right while incarcerated to contact visits." *Gerber v. Hickman*,

21  291 F.3d 617, 621 (9th Cir. 2002); *Block v. Rutherford*, 468 U.S. 576, 586 (1984) (noting security

22  concerns associated with contact visits); *Johnson v. Arnolds*, No. 2:14-CV-02589 AC P, 2016 WL

23  8730768, at *4 (E.D. Cal. Sept. 30, 2016) ("Accordingly, to the extent plaintiff alleges that the

24  denial of contact visits with his [minor] sons constitutes a violation of his due process rights,

25  plaintiff's allegations fail to state a claim for relief and will be dismissed.").

26      Moreover, Plaintiff was convicted for violating California Penal Code § 288(a),[1] which

states:

27
────────────────
28  [1] This is the current version of § 288(a), effective January 1, 2019, however it is not clear when Plaintiff was
convicted.

1
2
3
4

> Except as provided in subdivision (i), a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

5

Cal. Penal Code § 288(a) (emphasis added). California prohibits contact visits with minors based

6

on this offense: "For inmates convicted of PC Section(s) 261, 264.1, 266c, 285, 286, 288, *288a*,

7

288.5, or 289 when the victim is a minor, visitation with any minor who is not the victim of the

8

crime shall be limited to non-contact status except as authorized by the Institution Classification

9

Committee." Cal. Code Regs. tit. 15, § 3173.1(b) (emphasis added). Courts have upheld

10

prohibitions on contact visits with minors under this statute. *See, e.g., Shallowhorn v. Molina*, 572

11

F. App'x 545, 547 (9th Cir. 2014) (unreported) (where prisoner was prohibited from receiving

12

visits under § 3173.1(d), holding "district court properly dismissed the Substantive Due Process

13

and First Amendment claims based on the continued restriction on contact visitation with minors

14

because inmates possess no constitutional right to contact visitation"); *Knox v. Biter*, No. 1:18-

15

CV-00761-AWI-SAB (PC), 2018 WL 4039971, at *3 (E.D. Cal. Aug. 22, 2018), *report and*

16

*recommendation adopted*, 2018 WL 6573225 (E.D. Cal. Dec. 13, 2018) ("Plaintiff contends that

17

he has been denied contact visitation with any minor. . . . Plaintiff fails to state a cognizable due

18

process claim because he has not established a protected liberty interest in such contact visitation.

19

Indeed, Plaintiff has not been denied visitation as he is allowed non-contact visitation with all

20

minors. Plaintiff's claim based on the denial of contact visitation with minors pursuant to Title 15

21

of the California Code of Regulations Section 3173.1 . . . fails to allege a violation of right

22

protected by the Constitution or federal statute." (citing *Valdez v. Woodford*, 308 Fed. App'x.

23

181, 182-83 (9th Cir. 2009) (parenthetical citation omitted)); *Brooks v. Macomber*, No. 2:14-CV-

24

0730-TLN-AC, 2014 WL 4545951, at *2 (E.D. Cal. Sept. 12, 2014) (finding plaintiff failed to

25

state a claim because no constitutional right to contact visits where plaintiff denied contact visits

with minor family members under § 3173.1).

26

Under the authority above, Plaintiff has no constitutional right to contact visitation with

27

his minor children while incarcerated. The Court notes that Plaintiff disagrees with these

28

1  decisions and the California statute at issue.  However, he cites no applicable authority in support

2  of his argument.[2]

3      Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

4  **IV.   REQUEST TO DISQUALIFY**

5      At the end of his second amended complaint, Plaintiff states that he "would like to request

6  the [C]court to assign this case to another magistrate judge" because the undersigned is already

7  assigned to another of his cases, 1:22-cv-00764-ADA-EPG, and "it would be in the best interest

8  of the [C]ourt and Judge to vacate one of the cases and have it be reassigned to another Judge."

9  (ECF No. 13, p. 12).  However, presiding over another case involving the same party is not a

10  valid basis for disqualification.  *See* 28 U.S.C. § 455 ("Any justice, judge, or magistrate judge of

11  the United States shall disqualify himself in any proceeding in which his impartiality might

12  reasonably be questioned" and in certain more specific circumstances, including "[w]here he has

13  a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

14  facts concerning the proceeding," previously served in private practice as a lawyer in the matter,

15  has a financial interest in the matter, *etc.* § 455(a)-(b).).[3]

16  **V.   CONCLUSION, ORDER, AND RECOMMENDATIONS**

17      Based on the forgoing, the Court will recommend that this case be dismissed with

18  prejudice. Notably, in its screening order, the Court identified the same deficiencies that persist in

19  Plaintiff's second amended complaint and gave Plaintiff the opportunity to state a cognizable

20  claim. The Court thus concludes that further leave to amend would be futile.

21      Accordingly, IT IS ORDERED that Plaintiff's request to disqualify (ECF No. 13) is

22  denied.

23      Additionally, IT IS RECOMMENDED as follows:

24      1.  This action be dismissed, with prejudice, for failure to state a claim.

25  _____

26  [2] Among other things, Plaintiff asserts that rules from the United Nations require that incarcerated persons be permitted to regularly communicate with their family members.

27  [3] The Court notes there is a related disqualification statute, 28 U.S.C. § 144, but that provision applies only where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff has filed no such affidavit here.

28

2.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**September 18, 2023**__          /s/ _Erica P. Grosjean_
                                                            UNITED STATES MAGISTRATE JUDGE