UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>           Plaintiff,<br><br>     v.<br><br>TAMMY CAMPBELL,<br><br>           Defendant. | Case No.   1:23-cv-00381-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL BE DENIED<br><br>(ECF No. 22).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

### I.     INTRODUCTION

Plaintiff Cesario Vizcarra Medina is a state prisoner proceeding *pro se* in this civil rights case filed under 42 U.S.C. § 1983. Plaintiff is not proceeding *in forma pauperis*; rather, he paid the filing fee in full. (*See* July 19, 2023 docket entry).

Plaintiff's operative complaint alleged that his prison is denying him his constitutional right to have contact visits with his minor children. The assigned District Judge dismissed the case with prejudice, adopting the findings and recommendations that concluded that Plaintiff failed to state a claim. (ECF Nos. 14, 17, 18).

Plaintiff appealed (Case No. 24-5252), and this matter is currently before the Court on his motion to proceed *in forma pauperis* on appeal. (ECF No. 22). The motion states that Plaintiff would like to proceed *in forma pauperis* on appeal without any additional information. (*Id.*).

Noting that Plaintiff failed to provide sufficient information to review his motion, the Court issued an order on September 13, 2024, giving Plaintiff fourteen days to supplement his motion, including specific direction on the information he should provide along with a standard form to use. (ECF No. 23). Further, the order advised as follows: "If Plaintiff fails to timely supplement his *in forma pauperis* motion, he is advised that his motion may be denied without any further opportunity to supplement it." (*Id.* at 3).

Plaintiff has not filed a supplement or anything else since the entry of the order, and the time to do so has expired. For the reasons explained below, the Court will recommend that Plaintiff's motion to proceed *in forma pauperis* on appeal be denied.

## II.   ANALYSIS

Federal Rule of Appellate Procedure 24(a)(1) provides as follows:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C). Further, "[a] prisoner seeking to . . . appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff has provided none of the required information despite being given the opportunity to supplement his motion, *e.g.*, he has not provided the information from Form 4 (which the Court sent to him) regarding his inability to pay the filing fee nor has he stated the issues that he intends to present on appeal. For this reason alone, his motion to proceed *in forma pauperis* on appeal should be denied.

Moreover, the Court notes that, under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Good faith "must be judged by an objective standard" and is demonstrated when a person seeks to appeal "any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous if "it lacks any arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Plaintiff's key contention is that he is improperly being denied contact visits with his minor children. But as the Court noted in its findings and recommendations to dismiss the case with prejudice, which were adopted by the District Judge, Plaintiff simply has no constitutional right to such contact visits:

> Because contact visitation is inconsistent with incarceration, "it is well-settled that prisoners have no constitutional right while incarcerated to contact visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); *Block v. Rutherford*, 468 U.S. 576, 586 (1984) (noting security concerns associated with contact visits); *Johnson v. Arnolds*, No. 2:14-CV-02589 AC P, 2016 WL 8730768, at *4 (E.D. Cal. Sept. 30, 2016) ("Accordingly, to the extent plaintiff alleges that the denial of contact visits with his [minor] sons constitutes a violation of his due process rights, plaintiff's allegations fail to state a claim for relief and will be dismissed.").

(ECF No. 14, p. 5).

Accordingly, Plaintiff's appeal of the dismissal of his case lacks an arguable basis in law and thus would not be taken in good faith.

## III.   CONCLUSION AND RECOMMENDATIONS

Based on the above reasons, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 22) on appeal be denied.
2. The assigned District Judge certify in writing that Plaintiff's appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).
3. The Clerk of Court be directed to immediately notify the Court of Appeals of the denial of Plaintiff's motion to proceed *in forma pauperis* on appeal and of the certification that the appeal would not be taken in good faith. Fed. R. App. P. 24(a)(4)(A)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any objections shall not exceed fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2024**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE